TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
STEVEN M. ARKOW
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6975
    Facsimile: (213) 894-6269
    E-mail:    steven.arkow@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>SCOTT ALLENSWORTH,<br><br>       Defendant. | No. CR 21-216-JAK<br><br>GOVERNMENT'S COMBINED OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT AND POSITION RE: SENTENCING OF DEFENDANT SCOTT ALLENSWORTH<br><br>**Sentencing: March 17, 2022** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Steven M. Arkow, files the *Government's Combined Objection to the Presentence Investigation Report and Position Re: Sentencing of Defendant Scott Allensworth*.

The government's position is based upon the attached memorandum of points and authorities, the plea agreement (CR 8), the files and records in this case, the Presentence Investigation Report (CR 28),

//

the Disclosed (Probation) Recommendation Letter (CR 27), and such

further evidence and argument as the Court may permit.

Dated: March 3, 2022          Respectfully submitted,

                              TRACY L. WILKISON
                              United States Attorney

                              SCOTT M. GARRINGER
                              Assistant United States Attorney
                              Chief, Criminal Division

                              _____
                              STEVEN M. ARKOW
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA

# **TABLE OF CONTENTS**

DESCRIPTION                                                          Page

TABLE OF AUTHORITIES..................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES..................................1

I.   INTRODUCTION AND OBJECTION TO THE PRESENTENCE INVESTIGATION
     REPORT...........................................................1

II.  ADVISORY SENTENCING GUIDELINES...................................2

III. GOVERNMENT'S SENTENCING RECOMMENDATION AND ANALYSIS OF THE
     SECTION 3553(a) FACTORS..........................................4

     A.   18 U.S.C. § 3553(a)(1)......................................6

     B.   18 U.S.C. § 3553(a)(2)......................................6

IV.  CONCLUSION.......................................................8

**TABLE OF AUTHORITIES**

DESCRIPTION                                                          PAGE

**CASES:**

United States v. Cantrell,
   433 F.3d 1269 (9th Cir. 2006) .................................. 4

United States v. Knows His Gun,
   438 F.3d 913 (9th Cir. 2006) ................................... 4

United States v. Nichols,
   464 F.3d 1117 (9th Cir. 2006) .................................. 4

**STATUTES:**

18 U.S.C. § 1343 .............................................. 1

18 U.S.C. § 3553(a) ...................................... 4, 5, 6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT

On July 1, 2021,[1] defendant Scott Allensworth ("defendant") pleaded guilty, pursuant to a plea agreement (CR 8), to a one-count information, charging a violation of 18 U.S.C. § 1343 (wire fraud) filed on May 5, 2021 (CR 1).

The United States Probation & Pretrial Services Office ("Probation Office") issued its Presentence Investigation Report ("PSR") on September 1, 2021 (CR 28).  In the PSR, the Probation Office calculated a total offense level of 26,[2] including a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) and a criminal history category of I based on zero criminal history points (CR 28 at ¶¶ 43-59), which is consistent with the plea agreement's calculation of the offense level (CR 8 at ¶ 13), except for the PSR adding a two-level enhancement for sophisticated means pursuant to § 2B1.1(b)(10)(C)--which the government objects to--resulting in a PSR advisory guidelines range of 63-78 months (PSR ¶¶ 48-50).

The Probation Office has not identified any factors that warrant a departure from the applicable guidelines range, but has identified defendant's background and characteristics and the parties' agreement as factors that warrant a sentence below the advisory guidelines system (PSR ¶¶ 121-23) and, accordingly, recommends a downward variance from its calculated guidelines range of 63-78 months to a

---

[1] The PSR states the change of plea hearing was July 2, 2021 (PSR ¶ 1); the minute order for the hearing, which was filed July 2, 2021, inadvertently stated the hearing was July 2, 2021 (CR 26).

[2] The PSR uses the edition of the United States Sentencing Guidelines manual in effect as of November 2018.  (PSR ¶ 40).

sentence of 41 months, which is the low end of the sentencing range of the offense level agreed to in the plea agreement, that is, the offense level of 22 in the plea agreement corresponds with the range of 41-51 months. (Probation Disclosed Recommendation Letter at 5 (CR 27); PSR (CR 28) ¶¶ 3-5).

## II.   ADVISORY SENTENCING GUIDELINES

The government submits that defendant's advisory sentencing guidelines calculations are those set forth by the parties in the plea agreement, which are consistent with and supported by the PSR, except, as noted above, the two-level enhancement for sophisticated means.  In accord with the calculations of the plea agreement (CR 8 at page 9 at ¶ 13), defendant's guidelines offense level is 24,[3]

---

[3] The PSR added a two-level enhancement for sophisticated means pursuant to § 2B1.1(b)(10)(C).  PSR ¶¶ 48-50.  This enhancement applies where the offense involved "sophisticated means," that is defined as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." See § 2B1.1(b)(10)(C), App. Note 9(B).  The government objects to this enhancement and stands by the guidelines calculation in the plea agreement which calculation does not include this enhancement.  In the plea agreement, the parties "agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense be imposed."  (Plea Agreement (CR 8) at 10 at ¶ 13).  The government therefore objects to the PSR's inclusion of this enhancement and corresponding calculation of defendant's offense level of 26 and advisory guidelines range of 63-78 months, prior to any variance; instead, defendant's offense level should be 24, resulting in an offense level of 51-63 months, prior to any variance. With the two-level variance agreed to by the parties in the plea agreement bringing down the offense level from 24 to 22, the resulting guidelines range is 41-51 months.  Notably, the PSR's inclusion of this enhancement does not make a difference in the outcome between: (a) the sentence ultimately recommended by the Probation Office, that is, 41 months, based on a downward variance; and (b) the low end of the sentencing range contemplated in the plea agreement (41-51 months).

2

prior to any variance, resulting in an advisory guidelines range of 51-63 months.

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Specific Offense <u>Characteristics</u> | | |
| Loss between $1.5-$3.5 million: | +16 | U.S.S.G. § 2B1.1(b)(1)(I) |
| <u>Adjustments</u> | | |
| More than 10 victims | +2 | U.S.S.G. § 2B1.1(b)(2)(A)(i) |
| Abuse of Position of Trust | +2 | U.S.S.G. § 3B1.3 |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1(a), (b) |
| Total Offense Level: | 24 | |

In accord with the plea agreement, the government recommends a downward two-level variance to an offense level of 22, resulting in an advisory guidelines range of 41-51 months. As discussed below, the government moves for a further downward variance of an additional two levels to offense level 20 (33-41 months) and the government ultimately recommends a low-end sentence of 33 months. The government's recommendation is based on a number of factors, particularly, the overstatement of loss of defendant's culpability relative to his co-schemer (David Hunt Weddle) and the need to avoid unwarranted sentencing disparity with the 41-month sentence Weddle received, defendant's background and characteristics, particularly, the reduced likelihood of recidivism, and recognition of defendant's early acceptance of responsibility which lessens the burden on the court system by his agreement to hold certain of these proceedings by VTC.

## III.  GOVERNMENT'S SENTENCING RECOMMENDATION AND ANALYSIS OF THE SECTION 3553(a) FACTORS

The government requests that defendant be imprisoned to a below-guidelines sentence of 33 months.  The government's recommendation takes into account Section 3553(a) factors, as discussed below.

The seriousness of the overall scheme, the magnitude of the loss, the number of individual victim-investors who put their trust and investments with defendant who was their tax preparer, and that the offense involved numerous and repeated acts by defendant to: (a) take investment money to make Ponzi payments to other investors; (b) allocate some of the investors' funds into other investors' accounts to make them appear as gains, when there were no gains; and (c) provide falsified account statements to the victim-investors showing inflated returns on investment, all weigh in favor of imposing a custodial sentence of 33.

While not definitive, the Guidelines range provides the starting point for finding a reasonable sentence and must then be considered with the factors set forth in 18 U.S.C. § 3553 (a).  See United States v. Cantrell, 433 F.3d 1269, 1279 (9th Cir. 2006).  "To comply with the requirements of Booker, the district court must have sufficiently considered the Guidelines as well as the other factors listed in § 3553(a).  This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence."  United States v. Nichols, 464 F.3d 1117, 1125 (9th Cir. 2006) (quoting United States v. Knows His Gun, 438 F.3d 913, 918 (9th Cir. 2006)).

The Section 3553(a) factors are as follows:

4

1)  The nature and circumstances of the offense and the
    history and characteristics of the defendant;

2)  The need for the sentence imposed –

    (A)   To reflect the seriousness of the offense, to
    promote respect for the law, and to provide just
    punishment for the offense;

    (B)   To afford adequate deterrence to criminal
    conduct;

    (C)   To protect the public from further crimes of the
    defendant; and

    (D)   To provide the defendant with needed educational
    or vocational training, medical care, or other
    correctional treatment in the most effective manner;

3)  The kinds of sentences available;

4)  The kinds of sentence and the sentencing range
    established for the offense and the defendant as set forth
    in the Sentencing Guidelines;

5)  Any pertinent policy statement issued by the Sentencing
    Commission;

6)  The need to avoid unwarranted sentence disparities among
    defendants with similar records who have been found guilty
    of similar conduct; and

7)  The need to provide restitution to any victims of the
    offense.

See 18 U.S.C. § 3553(a).  The government believes that the factors
set forth in 18 U.S.C. § 3553(a) suggest custody of 33 months and
that such a sentence would be "sufficient, but not greater than

1  necessary" to comply with the purposes enumerated in 18 U.S.C.

2  § 3553(a)(2), discussed further below.  18 U.S.C. § 3553(a).

3  **A.    18 U.S.C. § 3553 (a)(1)**

4  18 U.S.C. § 3553 (a)(1) requires the Court to consider the

5  nature and circumstances of the offense and the history and

6  characteristics of defendant.  These factors warrant a sentence of 33

7  months imprisonment.

8  By soliciting investor funds by falsely representing to the

9  victim-investors that the money received from victim-investors would

10  be placed into a trading brokerage account within one week for

11  trading and that the investment returns would be between 5% and 20%

12  per month and then not investing the victim-investors' funds as

13  promised, defendant's criminal conduct was integral to a scheme to

14  defraud about 50 victim-investors of more than $2,321,000.  The

15  scheme occurred over 15 months.  Taking into account the extent and

16  scope of the fraud, the loss, the number of individual victims,

17  defendant's receipt of funds from individuals, many of whom were

18  family, friends, or clients of defendant and defendant's co-schemer,

19  and defendant's use of some of the funds for personal use, which

20  factors are accounted for the advisory guidelines calculations, a 33-

21  month sentence of imprisonment is appropriate as sufficient but not

22  greater than necessary sentence to accomplish the goals of

23  sentencing.

24  **B.    18 U.S.C. § 3553(a)(2)**

25  18 U.S.C. § 3553(a)(2) requires the Court to consider the need

26  for the sentence to reflect the seriousness of the offense, to

27  promote respect for the law, to provide just punishment for the

28  offense, to afford adequate deterrence to criminal conduct, to

6

protect the public from further crimes of defendant, and to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The government respectfully submits that a sentence of 33 months (1) will appropriately reflect the seriousness of the offense and promote respect for the law; (2) will deter future criminal conduct from both the defendant and others without being greater punishment than necessary; and (3) will serve to protect the community.

By requiring defendant to spend 33 months in custody, the Court will impress upon defendant the seriousness of his crime and will give defendant time to reconsider his actions in light of the consequences.

In further mitigation, and supporting the overall total four-level downward variance recommended by the government, in addition to overstatement of loss and comparison with the co-schemer's role, are: (a) defendant's early and extraordinary acceptance of responsibility, including, but not limited to, his agreement to proceed by way of VTC for all court proceedings; and (b) defendant's lack of prior criminal offenses and low likelihood of recidivism.  As noted above, the variance for defendant is warranted so defendant may receive a lower sentence than the 41-months received by co-schemer Weddle based on the overstatement of the loss relative to defendant's versus Weddle's overall culpability, and defendant's characteristics.

//

**IV.   CONCLUSION**

Based on the foregoing reasons, the government respectfully requests that the Court:

a)   find that defendant's post-acceptance and pre-variance advisory guidelines offense level is 24, consistent with the plea agreement;

b)   grant a two-level downward variance for the reasons stated above, consistent with the plea agreement, resulting in an offense level of 22 and a sentencing range of 41-51 months;

c)   further grant an additional two-level downward variance for the supplemental reasons stated above in the government's sentencing position, resulting in an offense level of 20 and a sentencing range of 33-41 months;

d)   impose a low-end sentence of 33 months in custody, even lower than the below-guidelines sentence in the plea agreement, to be followed by three years of supervised release, as recommended by the Probation Office, with the special conditions recommended by the Probation Office (see CR 27, Probation Disclosed Recommendation Letter at 5); and

e)   order payment of: (1) restitution in the amount of $2,321,429.69 to be paid to the victim-investors; and (2) a $100 special assessment for the count of conviction.

**CERTIFICATE OF SERVICE**

I, Belinda B. Tunque, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18 years old, and I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **GOVERNMENT'S COMBINED OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT AND POSITION RE: SENTENCING OF DEFENDANT SCOTT ALLENSWORTH**

service was:

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☒ By electronic mail delivery, as follows:

U.S. Probation Officer Anna Guan
U.S. Probation and Pretrial Services Office
Edward R. Roybal Federal Building and U.S. Courthouse
255 East Temple Street, Suite 1410
Los Angeles, CA 90012

Anna_Guan@cacp.uscourts.gov

This Certificate is executed on March 3, 2022, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct

*Belinda B. Tunque*